## GOOSBY *v.* HERNDON.

An administrator rented land to a tenant, and sued out a warrant to dispossess him on the ground that the tenant failed to pay the rent and was holding over beyond his term. The tenant by counter-affidavit denied that he was holding over beyond his term, and denied the tenancy. On this issue the tenant offered to prove, that the heirs at law of the administrator's intestate agreed in writing to sell the land to a prospective purchaser, in consideration that the latter would pay the debts of the intestate and pay the balance of the purchase-price to the heirs, who were to make him a deed with warranty of title; that the administrator endorsed upon this executory contract of sale his consent that the sale be consummated on the terms of the agreement, and agreed that he would make no effort to sell the land; that the prospective purchaser paid debts of the intestate (but not all of the debts), and paid all of the heirs their shares of the agreed price, except two, who rejected the amount tendered to them; and that the tenant had attorned to such purchaser. *Held,* that this evidence was insuffi-

cient to show that the landlord had parted with his title during the tenancy, and was properly excluded.

APRIL 23, 1914.

Eviction. Before Judge Conyers. Appling superior court. May 10, 1913.

*H. L. Williamson* and *W. W. Bennett,* for plaintiff in error.
*Padgett & Watson,* contra.

EVANS, P. J. An administrator sued out a warrant to evict his tenant on the ground of failure to pay rent and of holding over beyond his term. The tenant in his counter-affidavit denied that he was holding over beyond his term, and denied the tenancy. On the trial it appeared that the premises were rented by the administrator to the defendant in the dispossessory warrant. The court rejected evidence offered by the tenant, tending to show that after renting the land from the administrator he attorned to another, who had contracted to buy the land from the heirs of the deceased owner, with the consent of the administrator. That contract provided that in consideration of the purchaser's paying off the indebtedness of the person under whom the makers claimed the land as heirs, and upon whose estate the administrator had been appointed and qualified, and paying the excess of the agreed price to the heirs, they would make to the purchaser a deed with covenant of warranty of title. The administrator indorsed on this contract of sale his consent that it be consummated, and also his agreement to make no effort to sell the property, provided it was consummated. The purchaser paid debts of the deceased owner (it did not appear that he paid all of them), and paid to all of the heirs, except two, their portions of the balance of the purchase-price, and as to these two he tendered their respective portions. The purchaser took possession of the land, but did not interfere with the tenant's possession. No attempt was made to show that the tenant had ever surrendered possession to the administrator, or that the tenant's possession had been interrupted.

The contention of the tenant, against whom a verdict was rendered and who is prosecuting this bill of exceptions to a judgment denying a new trial, is, that the rejected evidence would have established that he had attorned to and was holding under another by consent of the administrator. The evidence does not justify this contention. The administrator did agree that if the prospective

purchaser of the land and the heirs of his intestate consummated an executory contract of sale, whereby, in consideration of the payment by such purchaser of the debts of his intestate and the balance of the purchase-money to the heirs, they bound themselves to convey the land to him, he would make no effort to sell the land; and he assented to the terms of the contract. The rejected evidence was deficient in showing that the purchaser had paid all the debts of his intestate, and affirmatively showed that two of the heirs refused to consummate the agreement. Even if the purchaser was entitled to specific performance against the heirs refusing to consummate their agreement with him, the title of the administrator would not be divested until that was done. The case in hand does not fall within the principle that after a landlord has parted with his title during the tenancy, he can not evict the tenant after the expiration of his term. The tenant is attempting to set up an equitable title in another. The landlord did not agree for him to attorn to the holder of an equitable title, but to release the land from the further administration upon terms. To effectuate this release compliance must be had with its terms, which was not shown by the rejected evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*